CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
8/16/2021
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
   DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| LIGHT TIGHT, INC., *Plaintiff*, | CASE NO. 6:21-cv-00014 |
| v. | MEMORANDUM OPINION |
| ICELAND'S, INC., *et al.*, *Defendants*. | JUDGE NORMAN K. MOON |

This case involves a dispute between two rival ice cream truck owners over the right to use a photograph of a banana split. Plaintiff Light Tight, Inc., which owns and operates the ice cream business Mister Goodies, alleges that Defendants Iceland's, Inc., and Alan S. Briceland have been using Light Tight's copyrighted photograph of a banana split in their ice cream business without Light Tight's authorization, in violation of federal copyright laws. Dkt. 1. Iceland's and Briceland move to dismiss the copyright infringement claim against them under Federal Rule of Civil Procedure 12(b)(6). Dkt. 12.

For the reasons below, the Court will deny Defendants' motion to dismiss but will strike Plaintiff's requests for statutory damages and attorney's fees from the complaint.

### I.  ALLEGED FACTUAL BACKGROUND

For the purposes of ruling on the motion to dismiss, the Court must accept as true the following allegations set forth in the first amended complaint.

Plaintiff Light Tight, Inc., owns and operates an ice cream business called Mister Goodies in Lynchburg, Virginia. Dkt. 1 ¶ 6. Doug Ulrich owns Light Tight and operates Mister Goodies. *Id.* ¶ 10. Defendants Iceland's, Inc, and Alan S. Briceland also own and operate an ice cream business in Appomattox, near Lynchburg. *Id.* ¶¶ 4, 9.

1

Before opening Iceland's, Briceland met with Ulrich to discuss opening an ice cream business and to inquire into purchasing Light Tight's mobile ice cream trailer. *Id.* ¶ 10. During these meetings, Briceland reviewed Mister Goodies' operations and advertisements. *Id.* In advertisements for Mister Goodies at its business location, on the internet, and elsewhere, Light Tight uses a "photograph of a banana split covered strategically with chocolate hot fudge, peanut butter, peanut butter cups, and nuts." *Id.* ¶ 8.

Without Light Tight's authorization, Iceland's and Briceland have been using the same photograph of the banana split on Iceland's mobile ice cream trailer and on Iceland's Facebook page. *Id.* ¶ 9.

On April 17, 2020, Light Tight demanded that Iceland's and Briceland cease and desist using the photograph of the banana split. *Id.* ¶ 11. On June 12, 2020, Light Tight registered the photograph of the banana split with the United States Copyright Office under registration number VAu 1-402-416. *Id.* ¶ 7. On November 18, 2020, Light Tight mailed Iceland's and Briceland a copy of the certificate of registration regarding the photograph of the banana split. *Id.* ¶ 11. Still, Iceland's and Briceland have continued to use the photograph of the banana split. *Id.*

As a result, Light Tight "has lost substantial profit and revenues." *Id.* ¶ 19. Light Tight seeks an injunction barring Iceland's and Briceland from further use of the photograph of the banana split, actual damages, statutory damages, and attorneys' fees, among other forms of relief. *Id.* ¶¶ A–I.

## II.     LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether a plaintiff has properly stated a claim. The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative

level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), with all allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). A motion to dismiss "does not, however, resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Id*. at 214.

Although the complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). A court need not "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011) (internal quotations omitted). And the court cannot "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. This is not to say Rule 12(b)(6) requires "heightened fact pleading of specifics"; instead, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

### III. ANALYSIS

Iceland's and Briceland argue that Light Tight fails to state a claim for copyright infringement because it alleges insufficient facts to support a reasonable inference that Light Tight is entitled to damages under the Copyright Act of 1976. Dkt. 17 at 3–6. Specifically, Iceland's and Briceland contend that Light Tight cannot recover statutory damages under 17 U.S.C. § 504(c) or attorney's fees under 17 U.S.C. § 505, and that Light Tight's allegations of actual damages pursuant to 17 U.S.C. § 504(a) are conclusory and speculative. *Id.*

As an initial matter, the Court notes that the motion to dismiss Light Tight's requests for relief is premature. Rule 8(a)(3) requires a complaint to contain "a demand for judgment for the relief the pleader seeks." But "the demand is not itself a part of the plaintiff's claim." *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002). Therefore, "the nature of the relief sought is immaterial to . . . whether a complaint adequately states a claim upon which relief can be granted." *Charles v. Front Royal Volunteer Fire & Rescue Dep't, Inc.*, 21 F. Supp. 3d 620, 629 (W.D. Va. 2014); *see also Bontkowski*, 305 F.3d at 762 ("[F]ailure to specify relief to which the plaintiff was entitled would not warrant dismissal under Rule 12(b)(6) (dismissal for failure to state a claim)."). Moreover, Rule 54(c) states that a court "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Accordingly, "a court may dismiss a complaint only if it is clear that *no* relief could be granted under *any* set of facts that could be proved consistent with the allegations." *Dingxi Longhai Dairy, Ltd. v. Becwood Tech. Grp. L.L.C.*, 635 F.3d 1106, 1109 (8th Cir. 2011) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). *See also Carcano v. Cooper*, 350 F. Supp. 3d 388, 422 n.27 (M.D.N.C. 2018) ("[A]n improperly-stated request for relief is not normally grounds for dismissal of a complaint."); 5 Arthur R. Miller et al., *Federal Practice and Procedure* § 1255 (3d ed. 2021) ("[T]he selection of an improper remedy in the Rule 8(a)(3) demand for relief will not be fatal to a party's pleading if the statement of the claim indicates the pleader may be entitled to relief of some other type.").

In its response, however, Light Tight concedes that it cannot recover statutory damages under 17 U.S.C. § 504(c). Dkt. 25 at 2 n.1. The Court agrees.

Under 17 U.S.C. § 412(1), "[i]n any action under this title, other than [actions not at issue in this case] . . . , no award of statutory damages or of attorney's fees, as provided by sections 504

4

and 505, shall be made for . . . any infringement of copyright in an unpublished work commenced before the effective date of its registration . . . ."

Here, although Light Tight does not allege exactly when Iceland's and Briceland first infringed on its photograph of the banana split, Light Tight alleges that it demanded Iceland's and Briceland cease and desist using the photograph of the banana split on April 17, 2020. Dkt. 1 ¶ 11. From this fact, the Court may draw a reasonable inference that the alleged infringement began on or before April 17, 2020. However, Light Tight alleges that it did not register the unpublished[1] photograph of the banana split with the United States Copyright Office until June 12, 2020. *Id.* ¶ 7. Because the alleged copyright infringement of Light Tight's unpublished photograph of the banana split began before the effective date of the photograph's registration, Light Tight may not recover statutory damages or attorney's fees pursuant to 17 U.S.C. §§ 504 and 505. *See Bouchat v. Bon-Ton Dep't Stores, Inc.*, 506 F.3d 316, 329–30 (4th Cir. 2007) (holding that plaintiff "could not pursue statutory damages" pursuant to § 412(1) where defendant's "first infringement preceded [plaintiff's] registration").

But Light Tight insists that it has alleged sufficient facts to state a claim of copyright infringement for which it could recover actual damages under 17 U.S.C. § 504(a). Dkt. 25 at 3–5. Again, the Court agrees.

Under 17 U.S.C. § 102(a)(5), "copyright protection subsists . . . in original works of authorship fixed in any tangible medium of expression," including "pictorial, graphic, and

---

[1] Light Tight registered a copyright for a "group of *unpublished* photographs." Dkt. 1-1 at 2–3 (emphasis added). Light Tight does not allege that its photograph of the banana split was published. *See* 17 U.S.C. § 101 ("'Publication' is the distribution of copies . . . of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending. The offering to distribute copies . . . to a group of persons for purposes of further distribution, public performance or public display, constitutes publication. A public performance or display of a work does not of itself constitute publication.").

sculptural works." Upon creating a work, the author gains "exclusive rights to do and to authorize" a number of acts with respect to the work, including the rights "to reproduce the copyrighted work" and "to display the copyrighted work publicly." 17 U.S.C. § 106(1), (5). Under 17 U.S.C. § 501(b), a copyright owner "is entitled, subject to the requirements of section 411, to institute an action for any infringement of" those rights. And 17 U.S.C. § 411 generally bars a copyright infringement action until "registration of the copyright claim has been made." *See Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019) (interpreting registration requirement for pursuing copyright infringement claim). Ultimately, "[t]o establish a claim for copyright infringement, a plaintiff must prove [(1)] that it owned a valid copyright and [(2)] that the defendant copied the original elements of that copyright." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 537 (4th Cir. 2015).

Here, Light Tight alleges sufficient facts to state a plausible claim for copyright infringement. First, Light Tight alleges that it owns a valid copyright in the photograph of the banana split. Dkt. 1 ¶ 7; *see also* Dkt. 1-1 (copyright registration); Dkt. 1-2 (photograph of banana split). Second, Light Tight alleges that Iceland's and Briceland used a copy of the photograph of the banana split without authorization. Dkt. 1 ¶ 9; *see also* Dkts. 1-3, 1-4 (examples of alleged unauthorized uses). And since Light Tight alleges that it has registered its copyright in the photograph of the banana split, *see* Dkt. 1 ¶ 7, it meets section 411's registration requirement for bringing a copyright infringement action. Nothing more is required to state a plausible claim for copyright infringement.

Under 17 U.S.C. § 504(b), "[t]he copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages."

Because Light Tight has stated a plausible claim for copyright infringement, Light Tight will have an opportunity to prove that it is entitled to actual damages (and any other legal and appropriate relief). "The amount of damages to be recovered is based upon the proof, not the pleadings." *Dingxi Longhai Dairy, Ltd.*, 635 F.3d at 1108–09 (holding that district court erred in granting motion to dismiss where plaintiff stated a plausible breach-of-contract claim which, if proven, would entitle plaintiff to "*some* monetary relief," even if facts would "likely preclude recovery of the full contract price") (emphasis in original).

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Defendants' motion to dismiss Plaintiff's copyright infringement claim but will strike Plaintiff's request for statutory damages under 17 U.S.C. § 504(c), Dkt. 1 ¶¶ D–E, and Plaintiff's request for attorney's fees pursuant to 17 U.S.C. § 505, Dkt. 1 ¶ G.

An appropriate Order will issue.

The Clerk of Court is directed to send this Memorandum Opinion to all counsel of record.

Entered this 16th day of August, 2021.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE